STATE OF LOUISIANA
COURT OF APPEAL
FIRST CIRCUIT

DOCKET NUMBER
2023 CA 1303

AUBREY LYNN WIGGINS, III AND
BALEIGH WIGGINS, INDIVIDUALLY
AND ON BEHALF OF THEIR MINOR
CHILDREN R.W. AND R.W.

VERSUS

HANNAH NICOLE SCHNEIDER,
STATE FARM MUTUAL INSURANCE COMPANY AND
THE STATE OF LOUISIANA, THROUGH THE DEPARTMENT
OF TRANSPORTATION AND DEVELOPMENT

Judgment Rendered: **SEP 1 9 2024**

* * * * *

ON APPEAL FROM THE
NINETEENTH JUDICIAL DISTRICT COURT, SECTION 25
IN AND FOR THE PARISH OF EAST BATON ROUGE
STATE OF LOUISIANA
DOCKET NUMBER C-674289

HONORABLE WILSON E. FIELDS, JUDGE PRESIDING

* * * * *

Michael C. Palmintier
Benjamin B. Treuting
Baton Rouge, Louisiana

Attorney for Plaintiffs-Appellants
Aubrey Lynn Wiggins, III, and
Baleigh Wiggins, Individually and
on behalf of their minor children
R.W. and R. W.


Liz Murrill
Attorney General
E. Scott Hackenberg
Special Assistant Attorney General
Baton Rouge, Louisiana

Attorneys for Defendant-Appellee
State of Louisiana, through the
Department of Transportation
and Development

**BEFORE: THERIOT, PENZATO, AND GREENE, JJ.**

**GREENE, J.**

This is an appeal from a judgment granting a summary judgment in favor of the defendant, the State of Louisiana through the Department of Transportation and Development (DOTD), and dismissing the plaintiffs' claims resulting from a traffic accident. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

On September 25, 2017, at approximately 7:00 a.m., Hannah Nicole Schneider was driving a 2005 Volkswagen Beetle, owned by her father, James Patrick Schneider, on U.S. Highway 61 in a northerly direction at the intersection of Barringer Foreman Road in East Baton Rouge Parish. Ms. Schneider made a left turn in front of a 2015 Chevrolet K2500 pickup truck operated by Aubrey Lynn Wiggins, III, and owned by Total Tire Solutions, LLC, which was traveling in a southerly direction on U.S. Highway 61. As a result, the vehicles collided.

On September 21, 2018, Mr. Wiggins and his wife, Baleigh Wiggins, individually and on behalf of their minor children, R.W. and R.W., filed suit naming as defendants Ms. Schneider; their own liability and UM insurer and Mr. Wiggins' employer's liability and UM insurer, State Farm Mutual Automobile Insurance Company (State Farm);[1] and DOTD. The petition alleged that the accident was caused by the negligence of Ms. Schneider, for making an improper left turn, failing to yield to oncoming traffic, failing to keep a proper lookout, and failing to maintain the standard of care required in the situation. The plaintiffs alleged that DOTD was negligent for failure to properly maintain the roadways at the intersection, failure to properly sign and signal the intersection, and failure to generally meet the standard of care required under the circumstances.

The plaintiffs averred that Mr. Wiggins sustained severe injuries and residual disabilities from the accident, including multiple fractures of his left leg, requiring surgical intervention, injury to his left hand, and other injuries. They also alleged that Ms. Wiggins and their two children suffered from loss of consortium, service, and society. The plaintiffs prayed for damages for past and future lost wages, past and future medical

---

[1] State Farm later entered into a settlement with the plaintiffs and was dismissed from the suit.

expenses, other special damages, and all general damages contemplated under Louisiana law, including impairment of earning capacity.

DOTD filed an answer, generally denying fault and raising affirmative defenses. DOTD denied responsibility for any actionable fault, maintained that the accident was exclusively the fault of Ms. Schneider, and alternatively, maintained that if the court found DOTD at fault, damages should be barred or proportionately reduced by the comparative negligence of Mr. Wiggins. DOTD also asserted the defenses inherent in La. R.S. 13:5112 regarding the limit of legal interest, asserted any other immunities provided for, including those in La. R.S. 9:2798.1, and asserted the defenses pursuant to La. R.S. 13:5106 regarding the limitation of damages. DOTD further pled the plaintiffs' failure to mitigate their damages. DOTD prayed for a trial by jury and asked for denial of the plaintiffs' claims.

Thereafter, DOTD filed a motion for summary judgment. DOTD maintained that Ms. Schneider's testimony showed that she was familiar with the speed limit and the configuration of the intersection, had no sight obstructions, could see the oncoming Wiggins vehicle, and was fully aware of her legal duty to yield to oncoming traffic. DOTD averred that there was no evidence of a defect in the roadway or traffic signals and that the physical evidence of the accident was consistent with driver error on the part of Ms. Schneider, who was legally presumed to be at fault. DOTD maintained that there were no issues of material fact, and that plaintiffs were unable to meet their burden of proof as to DOTD, and thus, the claims against DOTD should be dismissed with prejudice as a matter of law. DOTD attached as exhibits the depositions of Ms. Schneider, State Trooper Jacob Butler, III, and Mr. Wiggins, and photos of the accident scene.

The plaintiffs opposed the motion for summary judgment, alleging there were genuine issues of material fact regarding the defective nature of the intersection and its signalization, and the role of that defect as a cause-in-fact of the accident. Plaintiffs attached to their opposition the deposition of Douglas Robert, a professional civil engineer, his curriculum vitae, photos of the intersection, and excerpts from the depositions of Ms. Schneider, State Trooper Butler, and Mr. Wiggins. The matter

proceeded to a hearing on November 16, 2020. Thereafter, the trial court denied the motion for summary judgment. The judgment was signed on December 8, 2020.

On March 6, 2023, DOTD filed a second motion for summary judgment, attaching as exhibits the depositions of Ms. Schneider and Mr. Robert. The plaintiffs filed an opposition to the motion for summary judgment, attaching as exhibits the affidavit of Mr. Robert, Mr. Robert's resume, photos of the intersection, excerpts from the depositions of Ms. Schneider, State Trooper Butler, and Mr. Wiggins, and a writ denial action by this Court.

The matter was heard on July 24, 2023, and at the close of the hearing, the trial court granted summary judgment in favor of DOTD and against the plaintiffs.[2] The judgment was signed on August 9, 2023. However, that judgment did not dismiss the plaintiffs' claims. The plaintiffs appealed the judgment. This Court issued a rule to show cause order on February 5, 2024, ordering the parties to show whether the appeal should be remanded due to the lack of appropriate decretal language in the judgment. Thereafter, the parties filed a joint motion in the trial court requesting an amended judgment with appropriate decretal language. On March 4, 2024, the trial court signed an amended judgment granting DOTD's motion for summary judgment and dismissing the plaintiffs' claims with prejudice.

In their assignments of error, the plaintiffs maintain that the trial court erred in granting summary judgment because it made credibility determinations, weighed evidence, and made findings of fact instead of reserving such duties for the jury, and that the trial court erred as it failed to consider relevant evidence that was competent pursuant to La. C.C.P. art. 966(A)(4) and was not objected to.

## STANDARD OF REVIEW

An appellate court reviews the grant or denial of summary judgment *de novo* under the same criteria governing the trial court's consideration of whether summary judgment is appropriate. **Jefferson v. Nichols State University,** 19-1137 (La. App. 1 Cir. 5/11/20), 311 So.3d 1083, 1085, *writ denied,* 2020-00779 (La. 11/4/20), 303 So.3d 623.

---

[2] The plaintiffs filed a motion requesting that the trial court issue written findings of fact and reasons for judgment; however, the record on appeal contains no written findings of fact and reasons for judgment.

A court shall grant a motion for summary judgment if the pleadings, memorandum, and admissible supporting documents show there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. *See* La. C.C.P. art. 966(A)(3) and (4); **Jefferson**, 311 So.3d at 1085. The summary judgment movant maintains the burden of proof. La. C.C.P. art. 966(D)(1). Nevertheless, if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law. La. C.C.P. art. 966(D)(1).

Because it is the applicable substantive law that determines materiality, whether a particular fact in dispute is material can be seen only in light of the substantive law applicable to the case. **Jefferson**, 311 So.2d at 1085.

## DISCUSSION

Under La. R.S. 9:2800, to prove a public entity is liable for damages caused by a defective thing, the plaintiff must establish: (1) the public entity had custody or ownership of the defective thing; (2) the defect created an unreasonable risk of harm; (3) the public entity had actual or constructive notice of the defect; (4) the public entity failed to take corrective action within a reasonable time; and (5) causation. A plaintiff's failure to meet *any one* of these statutory requirements defeats a claim against the public entity. **Himes v. State through Dept. of Transp. and Office of Engineering**, 21-0138 (La. App. 1 Cir. 6/4/21), 327 So.3d 536, 539.

DOTD has a duty to maintain any public highway in a condition that is reasonably safe and does not present an unreasonable risk of harm to a motorist exercising ordinary care and reasonable prudence. See La. R.S. 48:21(A); **Brooks v. State ex rel. Dept. of Transp. and Dev.**, 10-1908 (La. 7/1/11), 74 So.3d 187, 189. Nonetheless, DOTD is not a guarantor of the safety of all the motoring public under every circumstance. **Brooks**, 74 So.3d at 189. Nor is DOTD the insurer for all injuries or damages resulting

5

from any risk posed by obstructions on or defects in the roadway or its appurtenances. **Netecke v. State ex rel. DOTD**, 98-1182 (La. 10/19/99), 747 So.2d 489, 495.

The driver of a vehicle within an intersection intending to turn to the left shall yield the right of way to all vehicles approaching from the opposite direction which are within the intersection or so close thereto as to constitute an immediate hazard. La. R.S. 32:122. A left-turning motorist has a strong duty of care that requires not only looking before turning, but also seeing what it observable. **Inzinna v. Guitreau**, 2018-0905 (La. App. 1 Cir. 2/22/19), 272 So.3d 582, 595.

Courts will not impose liability for every imperfection or irregularity in the highway, but only for a condition that could reasonably be expected to cause injury to a prudent person using ordinary care under the circumstances. **Fontenot v. Patterson Ins.**, 2009-0669 (La. 10/20/09), 23 So.3d 259, 271. In order to be a cause-in-fact, a defect must have been a substantial factor in bringing about the harm. Summary judgment is appropriate when there is no evidence to show that the cause-in-fact inquiry has been met. **Young v. Dept. of Transp. & Dev.**, 2020-0526 (La. App. 1 Cir. 12/30/20), 318 So.3d 887, 892.

Plaintiff's expert, Mr. Robert, asserted that a protected-only left turn signal should have been used at the intersection because there could be an interrupted line of sight for a left-turning driver if one or two vehicles were located in the opposite left-turn lane. Mr. Robert made general references to the difficulties left-turning motorists might encounter at the intersection at issue. However, Mr. Robert also called the intersection configuration "typical" and failed to find any specific standards that were violated by DOTD in constructing or maintaining the intersection.

Ms. Schneider testified that her car was first up in line to make a left turn and that there were no vehicles lined up on the other side of the intersection to make a left turn opposite her. She testified that she saw Mr. Wiggins' vehicle driving toward her "[b]ut I thought I had enough time to cross the intersection before he made it there." She testified "it appeared that there was enough space between the cars." Ms. Schneider testified that she was familiar with the road, that she was aware of the speed limit, that

there was nothing blocking her view of the Wiggins vehicle, and that she could see the Wiggins vehicle coming toward her.

Plaintiffs' argument regarding a potential line-of-sight risk is not applicable to this situation, wherein Ms. Schneider testified she did not have an obstructed view of the oncoming traffic or the Wiggins vehicle when she executed a left turn. Thus, Mr. Robert's deposition and affidavit addressed the risk of the intersection under a different circumstance, i.e., one where the view of the oncoming vehicle was obstructed.

After *de novo* review, pursuant to La. C.C.P. art. 966, we find there is no genuine issue of material fact regarding DOTD's lack of liability for the subject accident.[3]

## CONCLUSION

Therefore, the trial court judgment granting summary judgment in favor of the State of Louisiana, through the Department of Transportation and Development, and against Aubrey Lynn Wiggins, III and Baleigh Wiggins, individually and on behalf of their minor children, R.W. and R.W., dismissing their claims with prejudice, is affirmed. Costs of this appeal are assessed against Aubrey Lynn Wiggins, III and Baleigh Wiggins, individually and on behalf of their minor children, R.W. and R.W.

**AFFIRMED.**

---

[3] While the plaintiffs maintain that the trial court failed to consider relevant competent evidence, in our *de novo* review we have considered all of the evidence in the record.